# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Audio Technica U.S., Inc., | ) | CASE NO: 5:16CV2052 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| United States of America, | ) | (Resolving Doc. 145) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Request to Enter Bill of Costs (Doc. # 145) pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and this Court's Final Judgment (Doc. # 144). Defendant has objected in part to the request and Plaintiff has replied in support. For the foregoing reasons, the request is GRANTED in part and DENIED in part.

**I.   Background**

Plaintiff, Audio Technica U.S., Inc., filed a related civil action against Defendant United States of America for a refund of several years' worth of research tax credits pursuant to I.R.C. Secs. 41 & 174. The matter was tried before a jury, after which a unanimous verdict was delivered in favor of the plaintiff. The Court issued a Final Judgment in the matter, finding that Plaintiff had substantially prevailed on the primary issues in dispute and awarding reasonable court costs. Following this judgment, Plaintiff filed a motion requesting the Court to enter a Bill of Costs. Pursuant to 28 U.S.C. § 1920, Plaintiff requests: 1). $350.72 in Clerk and Marshal Fees, 2). $2,761.84 in Recorded-Transcript Fees, and 3). $6,828.80 in Printing Fees. Additionally, Plaintiff seeks to recover

fees entitled "Travel Expenses for Out-of-District Counsel" in the amount of $34,746.24. In support, Plaintiff included an affidavit of its cost calculations for each category, including an itemized receipt for "Travel and Trial Supply Fees." Defendant objected to the latter category of fees.

**II.    Analysis**

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."

Plaintiff pursues taxable costs under 28 U.S.C. § 1920. The pertinent language of § 1920 reads:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In awarding costs, district courts first look to whether the requested expenses are permitted under the statute. *King v. Gowdy*, 268 F. App'x. 389, 391 (6th Cir. 2008) (citing *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005)). Those expenses not enumerated by § 1920 are not recoverable in a Bill of Costs. *Id.* (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987)); see also *Wyandotte Sav. Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982) (travel costs are not mentioned in 28 U.S.C. § 1920 and thus not recoverable); *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) (holding that expert witness fees cannot be taxed as costs "because § 1920 does not provide for them."); *Vistein v. Am. Registry of Radiologic Technologists*, 2010 U.S. Dist. LEXIS 21762, at *25-26 (N.D. Ohio Mar. 10, 2010) (attorney travel, telephone, fax, PACER, delivery, and business meal expenses are not authorized as taxable expenses under § 1920). If costs are allowable under the statute, courts then determine whether they are reasonable and necessary. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004) (citing *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Defendant United States has not contested Plaintiff's request for fees that are specifically enumerated under § 1920. Thus, Plaintiff's request for Clerk and Marshal Fees, Recorded-Transcript Fees, and Printing Fees is granted for a total of $9,941.36. The Court would note, however, that Plaintiff has not offered any form of itemization or per-unit cost in support of its printing expenses. District courts should "cast a strict eye" toward expense reports, especially in an instance of thousands of dollars worth of photocopying, absent an in-depth itemization or explanation. See *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1152 (6th Cir. 1998). Nevertheless, in consideration of the lengthy and complex proceedings

involved in this case, as well as the absence of opposition from Defendant, the Court finds Plaintiff's non-itemized request for printing fees to satisfy the reasonable and necessary requirement.

Plaintiff's uncontested fees having been approved, the sole issue of contention between the parties is Plaintiff's request for what it has deemed "Travel Expenses for Out-of-District Counsel." As discussed above, attorney travelling expenses, along with other expenses that Plaintiff has proffered under this category, are not enumerated under § 1920 and thus not recoverable costs under the jurisprudence of this circuit.[1]

In an effort to distinguish this case from those holdings, Plaintiff cites *Hahnemann Univ. Hosp. v. All Shore, Inc.*, for the proposition that there are circumstances that allow for recovery of travelling expenses for counsel located outside of the forum. 514 F.3d 300, 312 (3d Cir. 2008). Plaintiff further asserts that because the subject matter of this case involved an understanding of "intricate and complex" provisions of law, local attorneys may lack Plaintiff's own counsel's level of knowledge and as such may have jeopardized its interests in this litigation.[2] However, *Hahnemann* does not stand for the stated proposition, nor is it binding on this Court. *Hahnemann* states in relevant part:

> "We have stated that 'under normal circumstances, a party that hires counsel from outside of the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel.' *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005). 'However, where forum counsel are unwilling to represent plaintiff, such costs are compensable.' *Id.* In this case, there is nothing in the record to suggest that counsel from within the forum was unwilling to represent Hahnemann in this straight forward, albeit lengthy . . . action."

---

[1] Beyond airfare and hotel expenses, Plaintiff also includes car rental costs, gasoline, meals, tolls, parking, mileage, exhibit transportation, office supplies, and even attendance at a seminar in its calculation of "Travel Expenses for Out-of-District Counsel."

[2] Plaintiff's reply brief goes so far as to say plaintiff counsel's level of experience in litigating two cases of the same subject matter in the Fifth Circuit "cannot be duplicated by a local attorney."

*Hahnemann*, 514 F.3d at 312.

This Court is not required to adhere to the Third Circuit's unwillingness test. Even if it did, Plaintiff has offered no argument or facts in the record which indicate that forum counsel was unwilling to represent it in this matter. On the contrary, Plaintiff appears to concede that *it* was unwilling to obtain in-forum counsel, electing instead to retain distant counsel for their expertise in the relevant area of law. Plaintiff further emphasizes *Hahnemann*'s description of the litigation as "straight forward" to contrast it with the more complex areas of law that were at issue in this case. But the complexity, or lack thereof, of that case was not a dispositive issue, nor did the court place any significant emphasis on its straightforward nature. In as much as *Hahnemann* echoes the general rule of this circuit, namely that outside of the forum counsel are not entitled to travel expenses, this Court will follow suit.

Plaintiff's argument that it is unfair and inequitable to punish it for not hiring "less knowledgeable" local counsel merely for their proximity to the courthouse is without merit. This forum is large and contains many capable and specialized attorneys and large and sophisticated law firms. Obtaining in-forum counsel does not require parties to retain an attorney with an office next to the courthouse, nor is it a "requirement" in its own sense. Plaintiff was free to retain counsel of its choosing in this matter, from within or outside of this forum. However, travel expenses for out of district counsel are not enumerated under 28 U.S.C. § 1920, thus the law is clear that Plaintiff is not entitled to collect such expenses in a bill of costs.

### III. Conclusion

For the foregoing reasons, Audio Technica's motion for costs is granted in part and denied in part, as follows:

1. Clerk and Marshal Fees of $350.72 are GRANTED.

2. Recorded Transcript Fees of $2,761.84 are GRANTED.

3. Printing Fees of $6,828.80 are GRANTED.

4. Travel Expenses for Out-of-District Counsel of $34,746.24 are DENIED.

Total costs awarded to the sum of $9,941.36.

IT IS SO ORDERED.

7/17/2019                 /s/ *Judge John R. Adams*
Date                         JUDGE JOHN R. ADAMS
                             UNITED STATES DISTRICT COURT